[No. A112477. First Dist., Div. Three. Sept. 19, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRIS THOMAS GILBRETH, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1105 and 8.1110, the opinion in the above-entitled matter is certified for publication with the exception of parts B. and C. of the Discussion.

## COUNSEL

Donald Thomas Bergerson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Deputy Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIGGINS, J.**—Chris Thomas Gilbreth appeals his convictions for voluntary manslaughter and possession of a firearm by a convicted felon. Defendant's principal argument is that his conviction for possession of a firearm by a convicted felon must be reversed because his predicate felony conviction had been reduced to a misdemeanor. We agree with defendant on this point, reverse his conviction for firearm possession, and remand for resentencing. In all other respects we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant shot and killed his next-door neighbor, Sheldon Amason, as Amason and his tenant, Ray deVeyra, advanced into defendant's front yard. This was the culmination of a series of incidents that began when Amason moved in next door to the Vallejo home where defendant lived with his pregnant wife and their two-year-old daughter. Defendant's wife testified that Amason threw frequent wild all-night parties, regularly beat his girlfriend, and threatened defendant's family and dogs. On one occasion, Amason waved a machete at defendant's brother-in-law when he was painting a shed in defendant's backyard. Amason's girlfriend's son, Ronnie Faubert, was a convicted child molester who also lived with Amason. Defendant's wife observed Amason assault Faubert with a weed whacker and a metal pipe. Amason's tenant, Ray deVeyra, also regularly assaulted his girlfriend in view of defendant and his family. Shortly after Amason moved in, defendant bought two handguns to protect himself and his family: a .380 semiautomatic, and a .357 revolver. Defendant and his wife also installed a locking security screen on their front door, and several security cameras.

A few weeks before the shooting, a man threw rocks from Amason's property at defendant's pregnant wife and her friend while they were in defendant's backyard with defendant's daughter. Defendant confronted Amason about the incident, and punched him in the face.

The afternoon of the shooting, Amason got into an argument with another neighbor over whether Amason would move a car that was blocking the neighbor's driveway. Somehow the incident escalated and defendant became involved in the argument. When Amason and deVeyra entered defendant's front yard, defendant drew a handgun and told the two to leave his property. Amason lunged toward defendant, and defendant fatally shot Amason in the chest.

Defendant was charged with murder, with several firearm enhancement allegations, and possession of a handgun by a convicted felon (based on a 1999 conviction for evading an officer). The prosecution argued that Amason may have deserved a good beating, but he did not deserve to die, and that defendant had no right to shoot his intoxicated and unarmed neighbor. Defendant claimed that he was trying to protect his wife and child from his unpredictable and dangerous neighbor, and that he did not intentionally shoot Amason.

The jury convicted defendant of the lesser included offense of voluntary manslaughter, with use of a firearm, and possession of a firearm by a convicted felon. The accounts of Amason's boorish behavior led the trial court at the time of defendant's sentencing to characterize Amason as "the neighbor from hell." Nevertheless, the court considered Amason to be a vulnerable victim due to his intoxicated state at the time of his death, and also determined that the crime involved planning because defendant was armed with a firearm. The court denied probation and sentenced defendant to a three-year lower term for the manslaughter, a four-year consecutive term for the firearm use enhancement, and a consecutive eight-month term for possession of a firearm by a convicted felon, for a total prison term of seven years eight months.[1] Defendant timely appealed.

---

[1] The court minutes and abstract of judgment have transposed the terms of imprisonment applicable to the use enhancement and the firearm possession. Because we conclude the case must be remanded for resentencing, the error can be corrected in the proceedings on remand.

## DISCUSSION

### A.  *Possession of a Firearm by a Convicted Felon*

Defendant argues the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon, because the prior felony conviction that qualified defendant for that charge was reduced to a misdemeanor upon his successful completion of probation. We agree that reduction of this earlier offense to a misdemeanor precluded using it as the predicate offense to the charge that defendant was a felon in possession of a firearm.

Penal Code section 12021, subdivision (a)(1)[2] provides: "Any person who has been convicted of a felony . . . and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." Defendant's conviction for possession of a firearm by a felon was predicated on his 1999 conviction for evading an officer, a crime that is punishable by imprisonment in state prison or confinement in the county jail. (Veh. Code, § 2800.2, subd. (a).) Defendant's sentence of 30 days in county jail for this offense was stayed, and he was placed on three years' probation. But in June 2001, on the motion of the district attorney, defendant's conviction for evading an officer was reduced to a misdemeanor under section 17 because defendant successfully completed probation.[3] Section 17 provides, in relevant part: "(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. . . . [¶] (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . . [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. . . ."

■  "[O]nce a court has reduced a wobbler to a misdemeanor pursuant to . . . section 17, the crime is thereafter regarded as a misdemeanor 'for all purposes.' This unambiguous language means what it says, and unless the Legislature states otherwise, a person such as [defendant] stands convicted of a misdemeanor, not a felony, for all purposes upon the court so declaring." (*Gebremicael v. California Com. on Teacher Credentialing* (2004) 118

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] The reduction of defendant's conviction for evading an officer to a misdemeanor was apparently unknown to counsel and the court in the current case. Defendant and his wife appear to have at all relevant times been under the mistaken belief that he was not allowed to possess weapons.

Cal.App.4th 1477, 1483 [13 Cal.Rptr.3d 777] (*Gebremicael*).) Accordingly, defendant's possession of a firearm by a convicted felon must be reversed. (See *People v. Banks* (1959) 53 Cal.2d 370, 383–387, 388 [1 Cal.Rptr. 669, 348 P.2d 102] ["defendant would remain classified as one convicted of a felony within the meaning of section 12021 . . . until and unless the [prior] offense was reduced to a misdemeanor by imposition of appropriate sentence . . ."]; *Gebremicael, supra*, at p. 1485 ["as the *Banks* court observed, a person whose felony conviction is reduced to a misdemeanor will no longer be classified as one convicted of a felony within the meaning of . . . section 12021"].)

The People attempt to create an aura of uncertainty around the application of section 17, subdivision (b)(3) by comparing this case to those where defendants unsuccessfully argued their convictions were automatically classified as misdemeanors because they successfully completed probation. (*People v. Banks, supra*, 53 Cal.2d 370; *People v. Livingston* (1970) 4 Cal.App.3d 251 [84 Cal.Rptr. 237]; *People v. Esparza* (1967) 253 Cal.App.2d 362 [61 Cal.Rptr. 167].) We find those cases to be inapposite. Defendant's earlier conviction for evading an officer was reduced upon motion of the prosecution to a misdemeanor "for all purposes."

We also are not persuaded by the People's criticism of *Gebremicael, supra*, 118 Cal.App.4th 1477, for its reliance on dicta in our Supreme Court's decision in *People v. Banks, supra*, 53 Cal.2d 370. We have no reason to disagree with the *Gebremicael* court's construction of section 17, and we agree that: "as observed in *Banks*, when the Legislature wants to continue treating a felony reduced to a misdemeanor under . . . section 17 as a felony, it expressly says so, and the court will treat the person as such only upon those occasions." (*Gebremicael, supra*, at p. 1486.) In fact, the Legislature added subdivision (b)(3) to section 17 after *Banks* was decided, and included no language to suggest that a defendant whose conviction was reduced under section 17, subdivision (b)(3) was to still be considered a felon for purposes of section 12021. At the time he was charged in this case, defendant had a prior misdemeanor conviction for evading an officer, and that conviction could not be considered a felony to serve as the basis for a charge that defendant had violated section 12021. Defendant's conviction for being a felon in possession of a firearm is reversed.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 53.

## DISPOSITION

The conviction for possession of a firearm by a convicted felon is reversed. Defendant's sentence is vacated, and the case is remanded for resentencing. The judgment is otherwise affirmed.

Pollak, Acting P. J., and Horner, J.,[*] concurred.

---

[*]Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.