[No. C055322. Third Dist. June 30, 2008.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSHUA JOHN LEWIS, Defendant and Respondent.

## COUNSEL

J. Kirk Andrus, District Attorney, and John H. Quinn, Deputy District Attorney, for Plaintiff and Appellant.

Catherine White, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**MORRISON, J.**—The People appeal from an order granting defendant Joshua John Lewis's motion to dismiss count one of the information—being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1); further undesignated references are to this code). We shall affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2003, defendant was convicted in Curry County, Oregon of unlawful use of a motor vehicle (Or. Rev. Stat., § 164.135), and fleeing or attempting to elude a police officer (Or. Rev. Stat., § 811.540), both class "C" felonies. He was sentenced to 18 months' probation on the condition that "[u]pon successful completion of probation, [the] conviction[s] shall be reduced to . . . misdemeanor[s]."

In June 2005, the Curry County Circuit Court found defendant successfully completed probation and reduced his felony convictions to misdemeanors.

On September 16, 2006—the first day of hunting season—defendant was stopped by a game warden while driving near Donomore Meadows in Siskiyou County. He had a Remington Model 700 bolt action seven-millimeter Magnum rifle, with an unexpended cartridge in the firing chamber, next to his leg inside the car. He was charged by information with being a felon in possession of a firearm (count 1) and misdemeanor possession of a loaded rifle or shotgun in a vehicle (Fish & G. Code, § 2006—count 2). Defendant's status as a felon for purposes of the felon-in-possession-of-a-firearm offense was based upon his 2003 Oregon convictions.

Defendant moved to set aside count 1 of the information on the ground he was not a felon at the time he was alleged to have possessed the rifle because the Oregon convictions had been reduced to misdemeanors the previous year. The trial court agreed and dismissed that count.

Thereafter, defendant pleaded guilty to count 2—misdemeanor possession of a loaded rifle in a vehicle—with the agreement the plea would have no effect on the People's ability to appeal the dismissal of count 1.[1]

The People timely appealed from the order dismissing count 1.

## DISCUSSION

Section 12021, subdivision (a)(1) provides in pertinent part: "Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state . . . and who . . . has in his or her possession or under his or her custody or control any firearm is guilty of a felony." (§ 12021, subd. (a)(1).)

---

[1] The trial court suspended imposition of sentence on count 2 and placed defendant on three years "court" probation, on the condition, among others, that he refrain from hunting for one year.

The question presented here is whether defendant's felony convictions in Oregon, which were later reduced to misdemeanors, can be considered "felonies" to serve as the basis for a later charge that defendant violated section 12021, subdivision (a)(1). For the reasons that follow, we conclude they cannot.

In *People v. Gilbreth* (2007) 156 Cal.App.4th 53, 55 [67 Cal.Rptr.3d 10], the First District reversed a defendant's conviction for being a felon in possession of a firearm where the predicate felony offense previously had been reduced to a misdemeanor. In doing so, the court explained that "[a]t the time [the defendant] was charged in this case, defendant had a prior misdemeanor conviction . . . and that conviction could not be considered a felony to serve as the basis for a charge that defendant had violated section 12021." (*Id.* at p. 58.)

The same is true here. At the time defendant was charged in this case, the Oregon convictions had been reduced to misdemeanors. Thus, he had prior misdemeanor convictions that could not be considered felonies to serve as the basis for a charge that he violated section 12021, subdivision (a)(1).

The People contend defendant remained a felon for purposes of section 12021, subdivision (a)(1) notwithstanding the reduction of his convictions to misdemeanors because the reduction "did not restore his right to possess firearms under Oregon law." In support of their contention, the People rely on Oregon's felon-in-possession statute (Or. Rev. Stat., § 166.270), which provides in pertinent part: "For the purposes of this section, a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. *Such conviction shall not be deemed a conviction of a felony if:* [¶] (a) *The court declared the conviction to be a misdemeanor at the time of judgment* . . . ." (Or. Rev. Stat., § 166.270, subd. (3), italics added.) Because defendant's convictions were designated felonies at the time of judgment, the People argue "the post-conviction reduction did not restore [his] gun rights under O.R.S. 166.270. If he had been found with a rifle in Oregon, rather than in Siskiyou County . . . there would be no question that he was a felon in possession of a firearm in violation of O.R.S. 166.270."

The problem with the People's argument is that defendant was not found with a rifle in Oregon. He was found in possession of a firearm in Siskiyou County and was charged with violating *California's* felon-in-possession-of-a-firearm statute, which does not contain language similar to that set forth in the Oregon statute quoted above. That defendant is considered a

"felon" under the Oregon's felon in possession of a firearm statute is of no consequence.

█ Contrary to the People's assertion, California is not required to apply Oregon law in determining whether defendant is a felon under California's felon-in-possession-of-a-firearm statute. (*People v. Shear* (1999) 71 Cal.App.4th 278 [83 Cal.Rptr.2d 707].)

In *People v. Shear*, the defendant challenged his conviction for being a felon in possession of a firearm, which was predicated on a felony conviction for "aggravated assault" in Arizona, on the ground that his right to possess a firearm in Arizona automatically had been restored by operation of Arizona Revised Statute former section 13-812 (now § 13-912).[2] (*People v. Shear, supra*, 71 Cal.App.4th at p. 283.) The defendant argued "(1) under the *full faith and credit clause of the United States Constitution,* California must give full faith and credit to Arizona's alleged restoration of his right to possess firearms in that state, and (2) doing so precludes his prosecution by California for possessing a firearm in this state." (*Id.* at p. 283, original italics.) In rejecting the defendant's arguments, we explained: "Section 12021(a)(1) deals with ' "a subject matter concerning which [California] is competent to legislate." ' [Citation.] It is 'the expression of [California's] domestic policy, in terms declared to be exclusive in its application to persons and events within the state.' [Citation.] California's 'significant contact' with defendant, a California resident, creates a ' "state interest[], such that choice of its law is neither arbitrary nor fundamentally unfair." ' [Citation.] [¶] . . . [¶] Arizona, on the other hand, has no current contact with defendant. Nor does it have any discernible interest in 'project[ing] its laws across state lines so as to preclude [California] from prescribing for itself the legal consequence[]' of possession of firearms by a convicted felon in California." (*Id.* at p. 288.)

█ If "[t]he full faith and credit clause does not preclude California from carrying out its public policy of prohibiting convicted felons within its borders from possessing firearms merely because [the] defendant could lawfully possess firearms in Arizona" (*People v. Shear, supra*, 71 Cal.App.4th at p. 289), it likewise does not require California to prohibit individuals whose prior felony convictions were reduced to misdemeanors from possessing firearms here merely because they could not lawfully do so in Oregon.

---

[2] Former section 13-812 of the Arizona Revised Statutes provided: "Upon completion of the term of probation, or upon absolute discharge from imprisonment, and upon the completion of payment of any fine or restitution imposed, any person who has not previously been convicted of any other felony shall automatically be restored any civil rights which were lost or suspended by the conviction."

## DISPOSITION

The order dismissing count 1 of the information (felon in possession of a firearm) is affirmed.

Blease, Acting P. J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 1, 2008, S165692. Kennard, J., did not participate therein.