Filed 3/11/13  P. v. Ortiz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055511 |
| v. | (Super.Ct.No. FVI1002165) |
| SANTIAGO GABRIEL ORTIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed in part; reversed in part.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Santiago Gabriel Ortiz guilty of possession of marijuana for sale (Health & Saf. Code, § 11359, count 1), carrying a loaded firearm

1

by a gang member (Pen. Code, § 12031, subd. (a)(2)(C), count 2), street terrorism (Pen. Code, § 186.22, subd. (a), count 3), and being a felon in possession of a firearm (former Pen. Code, § 12021, subd. (a)(1), count 4).[1] The jury found true the allegations that counts 1, 2, and 4 were committed for the benefit of a criminal street gang, within the meaning of Penal Code section 186.22, subdivision (b)(1)(A).[2] Defendant stipulated to the fact that he had been previously convicted of two felonies. He also admitted that he had a prior strike conviction. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The trial court sentenced him to the upper term of three years on count 1, doubled pursuant to the strike, plus four years on the section 186.22, subdivision (b)(1)(A) enhancement. For count 2, the court imposed a consecutive one year four months. The court sentenced defendant to six years each on counts 3 and 4, plus one year four months on the gang enhancement on count 4, but stayed those terms under section 654. Thus, the total term imposed was 11 years four months in state prison. The court gave defendant credit for time served of 422 days (282 actual plus 140 conduct).

On appeal, defendant contends that the conviction on count 4 for being a felon in possession of a firearm (§ 12021, subd. (a)(1)) must be reversed because his predicate felony conviction had been reduced to a misdemeanor. We agree and reverse.

---

[1] Former Penal Code section 12021 is now Penal Code section 29800. Section 29800, subdivision (a), continues former Penal Code section 12021, subdivision (a), without substantive change. For the sake of clarity, we will continue to refer to former section 12021, and we will refer to it simply as section 12021.

[2] All further statutory references will be to the Penal Code, unless otherwise noted.

On February 7, 2011, the district attorney filed an information alleging possession of marijuana for sale (Health & Saf. Code, § 11359, count 1), carrying a loaded firearm by a gang member (Pen. Code, § 12031, subd. (a)(2)(C), count 2), street terrorism (Pen. Code, § 186.22, subd. (a), count 3), and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1), count 4). The allegation in count 4 was predicated on a 2008 conviction in case No. FVI800345, for a violation of Penal Code section 186.22, subdivision (a), participation in a criminal street gang.

At the close of the prosecution's case at trial, the parties stipulated that in 2008, defendant pled guilty to two felonies (§§ 186.22, subd. (a), 594, subd. (b)(1)) in case No. FVI800345. The record actually shows that defendant pled no contest to those two charges and, in exchange, received 270 days in county jail and three years of probation. The record also shows that on February 26, 2010, defendant moved to reduce those two felony convictions to misdemeanors, pursuant to section 17, subdivision (b). The court granted the motion, and it ordered defendant's probation terminated as successfully completed. The court then ordered a plea of not guilty entered and dismissed the case pursuant to section 1203.4. The court advised defendant that a strike conviction would remain on his record.

The defense relied on the state of the evidence at the close of the prosecution's case and rested. Defense counsel then made a section 1118.1 motion that there was

---

[3] The facts of this case are not particularly relevant to the issue on appeal. Thus, we will not include a statement of the facts.

insufficient evidence to support count 4. Defense counsel moved to dismiss the charge for being a felon in possession of a firearm, arguing that defendant was not a felon within the meaning of section 12021 because his 2008 convictions had been reduced to misdemeanors, prior to the arrest in the instant case. The court denied the motion and stated the following: "Court believes that it's clear that the law requires the restoration of civil rights and a pardon in order for him to have the right to possess a firearm once he has been convicted of a felony, so reducing it to a misdemeanor does not have the effect of . . . him not being a felon, a felon for the possessing a firearm."

## ANALYSIS

### The Court Erred in Denying Defendant's Motion to Dismiss Count 4

Defendant argues that the court erred in denying his motion to dismiss count 4 for being a felon in possession of a firearm (§ 12021, subd. (a)), since the prior felony conviction that qualified him for that charge was reduced to a misdemeanor upon his successful completion of probation. In other words, he contends that he was no longer a felon for purposes of section 12021; thus, his conviction on count 4 must be reversed. We agree that reduction of his earlier offense to a misdemeanor pursuant to section 17 precluded it from being used as the predicate offense to the charge that defendant was a felon in possession of a firearm.

Section 12021, subdivision (a)(1) provides: "Any person who has been convicted of a felony . . . and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony."

4

Section 17, subdivision (b), provides that "[w]hen a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, . . . *it is a misdemeanor for all purposes* under the following circumstances:  [¶] . . . [¶]  (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."  (Italics added.)  In other words, "[w]hen a defendant is convicted (whether by a guilty plea or a no contest plea, or at a trial) of a wobbler offense, and is granted probation without the imposition of a sentence, his or her offense is '*deemed* a felony' *unless* subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to section 17, subdivision (b).  [Citations.]" (*People v. Feyrer* (2010) 48 Cal.4th 426, 438-439 (*Feyrer*), italics added.)

"A grant of probation is *intended* to afford the defendant an opportunity to demonstrate over the prescribed probationary term that his or her conduct has reformed to the degree that punishment for the offense may be mitigated or waived.  Thus, under favorable circumstances, when punishment has not been imposed, *the offense* (with certain exceptions) *may be reclassified* or nullified.  [Citations.]  When a trial court grants probation without imposing a sentence, sections 17 and 1203.4, read together, express the legislative purpose 'that an alternatively punishable offense remains a felony . . . until the statutory rehabilitation procedure has been had, at which time the defendant is restored' to his or her former legal status in society, subject to use of the felony for limited

5

purposes in any subsequent criminal proceeding. [Citation.]" (*Feyrer*, *supra*, 48 Cal.4th at pp. 439-440, italics added.)

The exact issue in the instant case was decided in *People v. Gilbreth* (2007) 156 Cal.App.4th 53 (*Gilbreth*). In that case, the defendant appealed his conviction for possession of a firearm by a felon, arguing that his predicate felony conviction had been reduced to a misdemeanor upon his successful completion of probation. (*Id*. at p. 57.) The defendant's conviction for possession of a firearm by a felon was predicated on a 1999 conviction for evading an officer. (Veh. Code, § 2800.2, subd. (a).) The defendant's sentence of 30 days in county jail for that offense was stayed, and he was placed on three years' probation. Then, in June 2001, on the motion of the district attorney, the defendant's conviction for evading an officer was reduced to a misdemeanor under section 17 because he successfully completed probation. (*Gilbreth*, at p. 57.)

The First District reversed the defendant's conviction for being a felon in possession of a firearm. In doing so, it cited *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1483 (*Gebremicael*), to say that "'once a court has reduced a wobbler to a misdemeanor pursuant to . . . section 17, the crime is thereafter regarded as a misdemeanor "for all purposes." This unambiguous language means what it says, and unless the Legislature states otherwise, a person such as [defendant] stands convicted of a misdemeanor, *not a felony*, for all purposes upon the court so declaring.' [Citation.]" (*Gilbreth*, *supra*, 156 Cal.App.4th at pp. 57-58, italics added.) Thus, the *Gilbreth* court held that, "[a]t the time [the defendant] was charged in this case, [he] had a prior *misdemeanor* conviction . . . and that conviction could *not* be

6

considered a felony to serve as the basis for a charge that defendant had violated section 12021." (*Id.* at p. 58, italics added.)

The same is true in the instant case. At the time defendant was charged in this case, his two previous felony convictions had been reduced to misdemeanors, pursuant to section 17, subdivision (b), upon successful completion of his probation. Thus, his prior misdemeanor convictions could not be considered felonies to serve as the basis for a charge that he was a felon in possession of a firearm. (§12021, subd. (a)(1).) (G*ilbreth*, *supra*, 156 Cal.App.4th at p. 58; see also *People v. Lewis* (2008) 164 Cal.App.4th 533, 536.)

The Attorney General contends that defendant was a felon for purposes of section 12021, subdivision (a)(1), notwithstanding the reduction of his convictions to misdemeanors. The Attorney General points to the language in section 12021, which states that "[a]ny person who *has been convicted of a felony* . . . and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony." (Italics added.) The Attorney General asserts "under the plain language of the statute [defendant] 'has been convicted of a felony,'" and therefore, his conviction for violating section 12021, subdivision (a)(1), should be affirmed. The Attorney General similarly argues that we should find that *Gilbreth* was wrongly decided because the court there neglected to apply the plain language of section 12021, subdivision (a)(1).

The problem with the Attorney General's argument is that it virtually ignores the plain language of section 17, subdivision (b), which states that a wobbler offense is "a misdemeanor for all purposes . . . [¶] . . . [¶] [w]hen the court grants probation to a

7

defendant without imposition of sentence and . . . on application of the defendant . . . thereafter, the court declares the offense to be a misdemeanor." (See *Gebremicael*, *supra*, 118 Cal.App.4th at p. 1483 ["[O]nce a court has reduced a wobbler to a misdemeanor pursuant to Penal Code section 17, the crime is thereafter regarded as a misdemeanor 'for all purposes.' This unambiguous language means what it says . . . ."].)

The Attorney General asserts that "despite the language set forth in Penal Code section 17, at least one court has observed that a felony mitigated to a misdemeanor per Penal Code section 17, subdivision (b)(3), may still be treated as a felony." Curiously, the Attorney General then cites to *Gebremicael* for examples of when a felony reduced to a misdemeanor is still treated as a felony. However, *Gebremicael* does not aid its position. We initially note that *Gebremicael* is one of the authorities upon which *Gilbreth* was decided. (See *Gilbreth*, *supra*, 156 Cal.App.4th at pp. 57-58.) Furthermore, the court in *Gebremicael* explained that the Legislature can exempt specific crimes from the effect of section 17, subdivision (b). The court stated that "when the Legislature wants to continue treating a felony reduced to a misdemeanor under Penal Code section 17 as a felony, it expressly says so, and the court will treat the person as such only upon those occasions." (*Gebremicael*, *supra*, 118 Cal.App.4th at p. 1486.) The *Gebremicael* court gave two examples. First, Business and Professions Code section 6102, subdivision (b), provides that a felony later reduced to a misdemeanor under Penal Code section 17, subdivision (b)(3), is still treated as a felony for purposes of the immediate suspension of an attorney from practicing law, if the attorney is convicted of a felony. (*Gebremicael*, at p. 1486.) Second, "for purposes of the 'Three Strikes' law, the

8

Legislature has declared a prior felony conviction proven by the prosecution as a prior strike retains its status as a felony even if it had been reduced after initial sentencing to a misdemeanor under Penal Code section 17. (Pen. Code, §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)"[4] (*Gebremicael*, at p. 1486.) Here, unlike the examples in *Gebremicael*, the Legislature did not include any such exception to section 17 with regard to section 12021.

Finally, the Attorney General argues that defendant should still be considered a felon as a matter of public policy, since the policy behind section 12021 was to minimize the danger to public safety arising from the free access to firearms, especially by those who have previously been convicted of a felony. The Attorney General asserts that there was "a heightened danger to the public" here, as defendant was with other gang members who had two loaded firearms and over 80 grams of marijuana. The Attorney General posits that, if the situation would have arisen, defendant would have used a firearm to protect himself or the drugs. Despite the public policy behind section 12021, defendant demonstrated over his previous term of probation that his conduct had reformed to the degree that punishment for his prior offenses could be waived or mitigated. (*Feyrer*, *supra*, 48 Cal.4th at p. 439.) Thus, the felony conviction that was alleged as the predicate conviction for the charge in count 4 was properly reclassified under section 17 as a misdemeanor. (*Ibid.*)

---

[4] We note that, in the instant case, the court advised defendant that a strike conviction would remain on his record, after it reduced his felony conviction for a violation of section 186.22, subdivision (a), to a misdemeanor.

The People have given us no reason to depart from *Gilbreth* and other established case law.  We conclude that, because defendant was not a felon for purposes of section 12021, subdivision (a), the conviction on count 4 must be reversed.

## DISPOSITION

The conviction on count 4 for being a felon in possession of a firearm (§ 12021, subd. (a)) is reversed.  In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

KING
J.