Filed 2/10/16  In re Larson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re SCHA BUCK LARSON on Habeas Corpus. | D068273<br><br>(Super. Ct. No. SCD240603) |

Original proceeding on a petition for writ of habeas corpus.  Petition denied.

John L. Staley, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Erica A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Respondent.

I.

INTRODUCTION

Scha Buck Larson filed a petition for habeas corpus in this court requesting that we modify a sentence that the trial court imposed in 2012, by vacating a prison prior

sentence enhancement (Pen. Code, § 667.5, subd. (b)).[1] Larson argues that the sentence on the prison prior enhancement is unauthorized and must be vacated because, in March 2015, the trial court declared the 2009 prior felony conviction on which the prison prior enhancement is based to be a misdemeanor pursuant to section 1170.18, subdivision (k).[2] Larson argues further that because his 2009 conviction is now considered a "misdemeanor for all purposes" (§ 1170.18, subd. (k)), the 2009 conviction cannot serve as the basis for the prior prison sentence enhancement. In *People v. Valenzuela* (Feb. 3, 2016, D066907) ___ Cal.App.4th ___, ___ [2016 Cal.App. Lexis 76, p. *29] (*Valenzuela*), this court concluded that section 1170.18, subdivision (k) does not have such "retroactive collateral consequences." We agree with *Valenzuela* court. Accordingly, we deny Larson's petition.

## II.

## PROCEDURAL BACKGROUND

A.  *The underlying conviction and prison sentence on which the prison prior enhancement at issue is based*[3]

In December 2009, in San Diego County Superior Court Case No. SCD223677 (Case No. SCD223677), Larson pled guilty to one count of attempted possession of a

---

[1]  Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2]  Section 1170.18 was added through the enactment of Proposition 47 on November 4, 2014 (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 1, p. 70), and became effective the next day (Cal. Const., art. II, § 10, subd. (a)).

[3]  We grant Larson's unopposed request that we take judicial notice of various records related to the 2009 and 2012 convictions that are attached as exhibits to his writ petition.

2

controlled substance (§ 664; Health & Saf. Code, § 11377, subd. (a)) and admitted a strike prior (§ 667, subds. (b)-(i)).  The trial court imposed a stipulated sentence of one year and four months in prison.

B.     *The sentence on the prison prior at issue in Larson's writ petition*

In 2012, in San Diego County Superior Court Case No. SCD240603 (Case No. SCD240603), a jury found Larson guilty of attempted vehicle theft (§ 664; Veh. Code, § 10851, subd. (a)) (count 1) and misdemeanor battery (§ 242) (count 3).  Larson admitted having served two prior prison terms (§§ 667.5, subd. (b), 668) and having suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, 668).  The second prison prior admission was based on Larson's conviction and sentence in Case No. SCD223677.

At sentencing, in September 2012, the trial court sentenced Larson to state prison for five years.  The court imposed the upper base term of 18 months on count 1, doubled under the Three Strikes law, and two consecutive one-year terms for the prison prior enhancements.[4]  One of the prison priors was premised on Larson's conviction and sentence in Case No. SCD223677.

C.     *Larson's petition for recall of sentence in the trial court*

In December 2014, Larson filed a petition for recall and resentencing pursuant to 1170.18, subdivisions (a), (b), and (d) in the trial court, seeking to have his conviction for attempted possession of a controlled substance (§ 664; Health & Saf. Code, § 11377,

---

4      The court sentenced Larson to 180 days in local custody for the battery offense (count 3), with credit for time served.

subd. (a)) in Case No. SCD223677 reduced to a misdemeanor. Larson also asked the court to strike the one-year prior prison sentence enhancement in Case No. SCD240603, which was based on that same conviction. In March 2015, the court granted Larson's petition insofar as he sought to have his conviction for attempted possession of a controlled substance reduced to a misdemeanor. However, the court denied Larson's request to strike the one-year prison prior sentence enhancement.

D.      *Larson's petition for habeas corpus in this court*

In June 2015, Larson filed a petition for writ of habeas corpus asking this court to vacate the one-year prison prior sentence enhancement imposed in Case No. SCD240603, which is based on the attempted possession of a controlled substance conviction in Case No. SCD223677. This court issued an order to show cause and appointed counsel to represent Larson in this proceeding. Counsel filed a supplemental petition seeking the same relief. The People filed a return to the supplemental petition, and Larson, through counsel, filed a traverse.[5]

---

5       While Larson's writ petition was pending, this court requested supplemental briefing concerning Larson's custodial status. We also asked whether, in light of Larson's custodial status, this court had jurisdiction over Larson's petition and whether his petition was moot. Larson filed a supplemental brief indicating that he is no longer in physical custody, but that he is on parole until September 2018. Larson argued that this court has jurisdiction over his petition and that the petition is not moot because he remains in constructive custody of the State of California. The People concurred in Larson's analysis. We agree with the parties that this court has jurisdiction over Larson's petition and that the petition is not moot. (See *People v. Villa* (2009) 45 Cal.4th 1063, 1069 [petition for habeas corpus is "available to one on parole"].)

4

III.

DISCUSSION

*The prison prior sentence enhancement imposed in*
*Case No. SCD240603 does not constitute an unauthorized sentence*

Larson contends that the sentence imposed in Case No. SCD240603 is unauthorized because the "felony conviction used to impose a one year sentence for a prior prison enhancement [(§ 667.5, subd. (b))] has now been declared a misdemeanor pursuant to Penal Code section 1170.18." Larson contends that "[t]he plain wording of sections 667.5, subdivision (b), and 1170.18, subdivision (k), establish that a prior prison enhancement cannot be based on a conviction that has been reduced to a misdemeanor pursuant to section 1170.18."

Larson's claim raises an issue of statutory interpretation. Accordingly, we apply the de novo standard of review. (See, e.g., *Doe v. Brown* (2009) 177 Cal.App.4th 408, 417 ["We apply the de novo standard of review to this claim, since the claim raises an issue of statutory interpretation"].)

A.     *Governing law*

1.     *Section 667.5, subdivision (b)*

"Section 667.5, subdivision (b) provides for a one-year enhancement for a felony conviction for 'each prior separate prison term served for any felony.' " (*People v. Torres* (2011) 198 Cal.App.4th 1131, 1149.) Section 667.5 provides in relevant part:

> "Enhancement of prison terms for new offenses because of prior
> prison terms shall be imposed as follows:
>
> "[¶] . . . [¶]

5

"(b) . . . [W]here the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term . . . for any felony . . . ."

2. *Section 1170.18*

Under section 1170.18's resentencing mechanism, "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing," in accordance with the reduced penalties provided for various crimes contained in the statute. (*Id.*, subd. (a).) A person who satisfies the statutory criteria shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).)

Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application to have their felony convictions "designated as misdemeanors." (§ 1170.18, subds. (f)-(h).) Section 1170.18, subdivision (k) provides that convictions that are resentenced or designated pursuant to section 1170.18 "shall be considered a misdemeanor for all purposes," except that such resentencing shall not permit the person to possess firearms. Section 1170.18, subdivision (k) provides:

"(k) Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision

6

(g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."[6]

3. *Valenzuela*

In *Valenzuela*, *supra*, 2016 Cal.App. Lexis 76, this court considered a defendant's request to strike a prison prior enhancement based on a felony conviction that had been reduced to a misdemeanor *after* the imposition of sentence on the enhancement. (*Id.* at p. *26.) The appellant in *Valenzuela* argued that section 1170.18, subdivision (k) " 'suggests that the electorate wanted eligible offenders like [her] to be shielded from the collateral consequences of prior prison terms stemming from felonies that the law now recognizes as misdemeanors.' " (*Valenzuela*, at p. *29.) This court rejected the argument, reasoning:

> "Nothing in this language or the ballot materials for Proposition 47 indicates that this provision was intended to have the retroactive collateral consequences that Valenzuela advances. To the contrary . . . the procedures set forth in section 1170.18 that must be followed to obtain the resentencing and reclassification benefits of Proposition 47 indicate the electorate's intent for a specific, limited prospective application of the relief available under the new law." (*Id.* at p. *29.)

The *Valenzuela* court also noted that the Supreme Court's decision in *People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*) supported its conclusion, reasoning:

> "In *Park* the California Supreme Court considered whether a conviction for a serious felony that was subsequently reduced to a

---

6    Section 29800 et. seq. define various crimes pertaining to the illegal possession of firearms.

misdemeanor under section 17, subdivision (b)(3), and dismissed pursuant to section 1203.4, subdivision (a)(1), before the defendant committed a later offense could serve as the basis for a felony enhancement under section 667, subdivision (a). *Park* concluded that once the conviction was reduced to a misdemeanor, it could no longer serve as the basis for the enhancement . . . . The court noted, however, that 'there is no dispute that . . . defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor.' (*Id.* at p. 802, italics added.) Because Valenzuela's 2012 conviction for receiving stolen property was a felony at the time she was sentenced in this case, under the logic of *Park* that conviction properly served as the basis for the trial court's imposition of a one-year enhancement under section 667.5, subdivision (b)."

B.    *Application*

Larson presents nearly the identical argument that this court rejected in *Valenzuela.* Specifically, Larson contends that section 1170.18, subdivision (k) should be interpreted to provide that once a conviction is reduced to a misdemeanor, the "predicate requirement of a felony conviction no longer exist[s]," and thus, a sentence enhancement imposed for a prison prior *before* such reduction becomes invalid. However, as was true of the appellant in *Valenzuela*, Larson points to nothing in either the language of section 1170.18 or the ballot materials related to Proposition 47 that demonstrates that the Legislature intended for the statute to have such "retroactive collateral consequences . . . ." (*Valenzuela*, *supra*, 2016 Cal.App. Lexis at p. *29.)

Further, as the *Valenzuela* court's discussion of *Park*, *supra*, 56 Cal.4th 782, demonstrates, refusing to give retroactive collateral effect to the phrase "shall be considered a misdemeanor for all purposes," in section 1170.18, subdivision (k) is

8

strongly supported by the Supreme Court's interpretation of similar language contained in section 17, subdivision (b).

Section 17, subdivision (b) provides that certain crimes, "commonly referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine. (*Park*, *supra*, 56 Cal.4th at p. 789.) Section 17, subdivision (b) provides that, when the offense is reduced to a misdemeanor pursuant to the circumstances specified in the statute, the crime "*is a misdemeanor for all purposes.*" (Italics added.)[7] In applying section 17, subdivision (b),

---

[7]    Section 17, subdivision (b) provides:

> "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a *misdemeanor for all purposes* under the following circumstances:
>
>> "(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.
>>
>> "(2) When the court, upon committing the defendant to the Division of Juvenile Justice, designates the offense to be a misdemeanor.
>>
>> "(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.
>>
>> "(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the

9

the California Supreme Court has repeatedly concluded that the reduction of the offense to a misdemeanor does *not* apply retroactively. (See, e.g., *People v. Feyrer* (2010) 48 Cal.4th 426, 439 ["If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively"]; *Park*, *supra*, at p. 795 ["From the decisions addressing the effect and scope of section 17[, subdivision ](b), we discern a long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense *thereafter* is deemed a 'misdemeanor for all purposes' " (italics added)].)

In *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*), the court noted the significance of the similarity of the language in section 1170.18, subdivision (k) and section 17, subdivision (b), in concluding that the Court of Appeal had appellate jurisdiction over "an appeal from a case in which the defendant was originally convicted of a felony, but . . . the defendant was resentenced as a misdemeanant under Proposition 47." (*Rivera*, *supra*, at p. 1089.) The *Rivera* court reasoned:

> "As defendant notes, the language in subdivision (k) of section 1170.18 that a conviction that is reduced to a misdemeanor under that section '*shall be . . . a misdemeanor for all purposes*' is not significantly different from the language in section 17[, subdivision ](b), which provides that after the court exercises its discretion to sentence a wobbler as a misdemeanor, and in the other

> complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.

> "(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)

10

circumstances specified in section 17[, subdivision ](b), '*it is a misdemeanor for all purposes.*' (Italics added.) As we have noted, in construing this language from section 17[, subdivision ](b), the California Supreme Court has stated that the reduction of the offense to a misdemeanor does not apply retroactively. [Citations.] We presume the voters 'intended the same construction' for the language in section 1170.18, subdivision (k), 'unless a contrary intent clearly appears.' [Citation.] Nothing in the text of Proposition 47 or the ballot materials for Proposition 47—including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47—contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction. [Citations.] We therefore presume that the phrase 'shall be considered a misdemeanor for all purposes' in section 1170.18, subdivision (k) does not apply retroactively." (*Id.* at p. 1100.)

In light of the foregoing, we conclude that designation of a felony conviction as a misdemeanor pursuant to section 1170.18 does not render unauthorized a prison prior sentence enhancement based on such conviction where the sentence on the enhancement was imposed *prior* to such designation. Thus, cases on which Larson relies in which courts have concluded that the reduction of a conviction from a felony to a misdemeanor prevented the use of the conviction as a felony in *future* proceedings do not demonstrate the illegality of Larson's sentence. (See *Park*, *supra*, 56 Cal.4th at p. 787 ["We conclude that when the court in the prior proceeding properly exercised its discretion by reducing the assault with a deadly weapon conviction to a misdemeanor, that offense *no longer* qualified as a prior serious felony within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence," (italics

11

altered)]; *People v. Gilbreth* (2007) 156 Cal.App.4th 53, 57-58 [concluding that reduction

of a felony conviction to a misdemeanor prevented its *future* use as a predicate offense

for being a felon in possession of a firearm]; *Gebremicael v. California Com. on Teacher

Credentialing* (2004) 118 Cal.App.4th 1477, 1482-1489 [stating that "*once* a court has

reduced a wobbler to a misdemeanor pursuant to Penal Code section 17, the crime is

*thereafter* regarded as a misdemeanor 'for all purposes,' " and concluding that felony

conviction that had been reduced to a misdemeanor in 1998 could not be used as a basis

to deny a teaching credential in 2002 (italics added)].)

In summary, the trial court's designation of Larson's felony attempted possession

of a controlled substance conviction as a misdemeanor pursuant to section 1170.18 did

not render the trial court's imposition of a prison prior sentence enhancement based on

such conviction unauthorized, since the prison prior sentence enhancement was imposed

*prior* to such designation.  Accordingly, we conclude that the prison prior sentence

enhancement imposed in Case No. SCD240603 does not constitute an unauthorized

sentence.[8]

---

[8]     In a single paragraph in his supplemental petition, Larson also contends that his
right to due process was violated by imposition of the prison prior enhancement because
he had a "liberty interest protected by the due process clause regarding imposition of the
sentence for the prior prison enhancement."  Larson has failed to adequately articulate the
due process contention he raises, and thus we deem the claim forfeited.  (See, e.g., *People
v. Bryant* (2013) 222 Cal.App.4th 1196, 1206 [concluding ineffective assistance of
counsel claim was forfeited where party failed to "adequately brief[ ] the issue"].)

IV.

DISPOSITION

The petition is denied.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.