Filed 3/25/22  P. v. Lane CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWANE LEE LANE,<br><br>    Defendant and Appellant. | H048641<br>(Santa Clara County<br>Super. Ct. No. C1913191) |

## I.  INTRODUCTION

Defendant Dwane Lee Lane pleaded no contest to felony vandalism (Pen. Code, § 594, subd. (b)(1)).[1]  At sentencing, upon defendant's payment of victim restitution, the trial court reduced the conviction to a misdemeanor and placed defendant on probation with various terms and conditions.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no response from defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Following the California Supreme Court's direction in *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*) at page 110, we provide a brief description of the facts and the procedural history of the case.

## II. BACKGROUND

### A. *The Offense*

According to written police reports, defendant used a hammer to break a window in two of the victim's vehicles. It was determined that it would cost more than $400 to replace the broken windows.

### B. *The Charge and Plea*

In July 2019, defendant was charged by complaint with felony vandalism (§ 594, subd. (b)(1)). In August 2019, defendant pleaded no contest in the instant case and admitted violating probation in a separate case. He entered his no contest plea with the understanding that the offense in the instant case would be reduced to a misdemeanor pursuant to section 17 if he paid victim restitution by the time of sentencing, and that he would be placed on probation with various terms and conditions, including 60 days in county jail. Defendant was released on his own recognizance after he agreed to appear at the sentencing hearing, which was scheduled for November 21, 2019. Defendant's plea agreement included a *Cruz* waiver,[2] in which he expressed his understanding that if he "willfully fail[ed] to appear for future court dates," he would "lose the benefit of any plea agreement. The sentencing judge could then impose a different or greater punishment up

---

[2] "In *People v. Cruz* (1988) 44 Cal.3d 1247, [the California Supreme Court] interpreted the provision of [Penal Code] section 1192.5 that permits a defendant who pleads guilty or nolo contendere pursuant to a plea agreement to withdraw the plea if the agreement subsequently is disapproved by the court. [The court] held that this provision applies even if the defendant fails to appear for sentencing. [The court] noted in a footnote, however, that a defendant could expressly waive his or her rights under section 1192.5 at the time the plea was entered. (*People v. Cruz*, *supra*, 44 Cal.3d at p. 1254, fn. 5.)" (*People v. Masloski* (2001) 25 Cal.4th 1212, 1215, fn. 2.)

to the maximum possible sentence and [he] would not be allowed to withdraw [his] plea because of that different or greater punishment."

## C. *Sentencing*

Defendant failed to appear at the November 21, 2019 sentencing hearing, and a bench warranted was issued. Defendant was arrested on the bench warrant in June 2020.

On November 5, 2020, the sentencing hearing was held. Upon determining that defendant had paid victim restitution, the trial court reduced defendant's offense to a misdemeanor. The court suspended imposition of sentence and placed defendant on court probation for two years with various terms and conditions, including that he serve 60 days in jail. After granting 77 days of custody credits, consisting of 39 actual days plus 38 days' conduct credit under section 4019, the court determined that defendant had "credited out." The court stayed or waived fines and fees. The court also issued a written order prohibiting defendant from, among other things, possessing firearms and ammunition and requiring him to relinquish all firearms pursuant to section 29810.

## D. *Appeal*

Defendant filed a timely notice of appeal. We appointed counsel to represent defendant in this court.

## III. DISCUSSION

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have reviewed the entire record. We requested supplemental briefing from the parties on certain issues. In response to our requests regarding the proper length of defendant's probation and the conditions of his probation, the parties agree that these issues are moot because defendant is no longer on active probation.

The parties also agree that the clerk's minutes from the November 5, 2020 sentencing hearing incorrectly reflect that defendant was granted 84 days of custody credits, consisting of 42 actual days plus 42 days' conduct credit. The court actually

3

granted defendant 77 days of custody credits, consisting of 39 actual days plus 38 days' conduct credit under section 4019.  We will order the sentencing minutes corrected.

The parties further agree that the trial court's November 5, 2020 written order prohibiting defendant from, among other things, possessing firearms and ammunition and requiring him to relinquish all firearms, was not proper in this case because defendant was sentenced as a misdemeanant on November 5, 2020.

We agree with the parties that the trial court's order regarding firearms and ammunition is unauthorized.  Generally, a defendant who is convicted of a felony or of a specified misdemeanor is prohibited from possessing a firearm or ammunition and must relinquish all firearms in his or her possession.  (§§ 29800, 29805, 29810, 30305.)  Defendant's vandalism conviction (§ 594, subd. (b)(1)), which was reduced to a misdemeanor at sentencing (see § 17, subd. (b)(3)), is not among the specified convictions.  Therefore, the court's written order prohibiting defendant from, among other things, possessing firearms and ammunition and requiring him to relinquish all firearms, was unauthorized *in this case*.[3]  (See *People v. Gilbreth* (2007) 156 Cal.App.4th 53, 57-58 [holding that former § 12021 (now §29800), which prohibited convicted felons from possessing firearms, does not apply when the felony conviction has been reduced to a misdemeanor under § 17, subd. (b)(3)]; *People v. Culbert* (2013) 218 Cal.App.4th 184, 194 [sections 29800 and 30305, prohibiting a felon from possessing a firearm and ammunition, do not apply to a felony conviction that has been reduced to a misdemeanor].)  We will order the court's November 5, 2020 order regarding firearms and ammunition stricken.

---

[3] Defendant may be prohibited from possessing firearms and ammunition and may be required to relinquish all firearms based on a conviction in *another* case.  Indeed, defendant acknowledges, and the record reflects, that he has a prior felony conviction in a separate case.

Having carefully reviewed the entire record, and based on the agreement of the parties, we conclude that there is no arguable issue on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV. DISPOSITION

The minutes of the November 5, 2020 sentencing hearing are ordered corrected to reflect that the trial court granted defendant 77 days of custody credits, consisting of 39 actual days plus 38 days' conduct credit under Penal Code section 4019.

The trial court's November 5, 2020 written order, entitled "PROHIBITED PERSONS RELINQUISHMENT FORM FINDINGS" (Judicial Council form CR-210), is ordered stricken.

As so modified, the order of probation is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

*People v. Lane*
**H048641**