[No. C044181. Third Dist. May 27, 2004.]

BINYAM GEBREMICAEL, Plaintiff and Appellant, v.
CALIFORNIA COMMISSION ON TEACHER CREDENTIALING,
Defendant and Respondent.

1478

## COUNSEL

Rothschild, Wishek & Sands, Michael Rothschild and Yana U. Berrier for Plaintiff and Appellant.

Bill Lockyer, Attorney General, James M. Humes, Assistant Attorney General, Frank S. Furtek and Julie Weng-Gutierrez, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**NICHOLSON, Acting P. J.**—Plaintiff Binyam Gebremicael appeals from the trial court's determination the reduction of his prior felony conviction to a misdemeanor pursuant to Penal Code section 17 had no effect on his eligibility to apply for a teaching credential. We reverse.

## FACTS AND PROCEDURAL HISTORY

In 1994, plaintiff pled no contest to one count of violating Penal Code section 246.3, discharge of a firearm in a grossly negligent manner, a felony. The trial court found defendant guilty as charged, but it suspended the imposition of sentence and admitted plaintiff to probation for three years, subject to plaintiff serving 90 days in the county jail.[1]

In 1998, the trial court granted plaintiff's petition to reduce the felony conviction to a misdemeanor pursuant to Penal Code section 17. In December 2002 and pursuant to Penal Code section 1203.4, the trial court granted plaintiff's petition to withdraw his plea and have the matter dismissed.

Meanwhile, in December 2001, plaintiff applied to defendant California Commission on Teacher Credentialing (Commission) for a teaching credential. As required by the application, plaintiff admitted he had been convicted in 1994 of violating Penal Code section 246.3. He also noted his conviction had been reduced to a misdemeanor in 1998. Court documents subsequently requested by the Commission confirmed these facts.

In July 2002, plaintiff filed another application with the Commission, this one for an emergency substitute teaching credential. Plaintiff again disclosed his prior conviction and its subsequent reduction to a misdemeanor.

By letter dated September 11, 2002, the Commission denied both of plaintiff's applications. The Commission explained Education Code section 44346.1 mandated it to deny applications for credentials to any person who had been convicted of a serious felony, and plaintiff's prior conviction was a serious felony for that purpose.

Plaintiff filed a petition for writ of mandate and complaint for declaratory relief against the Commission. He argued the trial court's reduction of his

---

[1] An arrest report on the 1994 incident leading to plaintiff's conviction stated plaintiff and another person began arguing over a baseball cap while attending a party. The argument became a fight, and one of plaintiff's companions joined the fray. At one point, plaintiff pointed a loaded .380-caliber handgun at one of the victims, threatened him, then pointed the gun in the air and fired it. Plaintiff and his companion then left the scene.

conviction to a misdemeanor "for all purposes" under Penal Code section 17 included for purposes of teacher credentialing. The Commission, he asserted, was not obligated to reject his applications where his felony had become a misdemeanor by the time he applied. He also sought attorneys fees pursuant to Code of Civil Procedure section 1021.5 and Government Code section 800.

The trial court denied the petition and complaint. Plaintiff timely appealed.

## DISCUSSION

Plaintiff claims the mandatory denial provision of Education Code section 44346.1 does not apply to him because at the time of his applications he stood convicted of a misdemeanor, not a felony. We agree.

Education Code section 44346.1 reads in pertinent part:

"(a) The commission shall deny any application for the issuance of a credential made by an applicant who has been convicted of a violent or serious felony . . . .

"(b) This section applies to any violent or serious offense which, if committed in this state, would have been punishable as a violent or serious felony.

"(c) For purposes of this section, a violent felony is any felony listed in subdivision (c) of Section 667.5 of the Penal Code and a serious felony is any felony listed in subdivision (c) of Section 1192.7 of the Penal Code.

"(d) Notwithstanding subdivision (a), the commission may, but is not required to, grant a credential to an applicant who has been convicted of a violent or serious felony if the person is eligible for, and has obtained, a certificate of rehabilitation and pardon pursuant to Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3 of the Penal Code."

Plaintiff pled no contest to violating Penal Code section 246.3, a wobbler punishable as either a felony or a misdemeanor and listed as a violent felony under Penal Code section 667.5, subdivision (c), and a serious felony under Penal Code section 1192.7, subdivision (c). A wobbler offense stands as a felony unless and until one of the conditions listed in Penal Code section 17, subdivision (b), is satisfied. (Pen. Code, § 17, subds. (a), (b); *In re Trummer* (1964) 60 Cal.2d 658, 660 [36 Cal.Rptr. 281, 388 P.2d 177].)

Here, the trial court, upon plaintiff's petition, reduced plaintiff's felony conviction to a misdemeanor pursuant to Penal Code section 17, subdivision (b)(3), which reads in relevant part:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor *for all purposes* under the following circumstances: [¶] . . . [¶]

"(3) When the court grants probation to a defendant without imposition of sentence and . . . on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (Italics added.)[2]

■ Relief under Penal Code section 17, subdivision (b), is not retroactive in operation. (*People v. Marsh* (1982) 132 Cal.App.3d 809, 813 [183

---

[2] Penal Code section 17 reads in its entirety:

"(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(1) After a judgment imposing a punishment other than imprisonment in the state prison.

"(2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor.

"(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

"(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.

"(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint.

"(c) When a defendant is committed to the Youth Authority for a crime punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, the offense shall, upon the discharge of the defendant from the Youth Authority, thereafter be deemed a misdemeanor for all purposes.

"(d) A violation of any code section listed in Section 19.8 is an infraction subject to the procedures described in Sections 19.6 and 19.7 when:

"(1) The prosecutor files a complaint charging the offense as an infraction unless the defendant, at the time he or she is arraigned, after being informed of his or her rights, elects to have the case proceed as a misdemeanor, or;

"(2) The court, with the consent of the defendant, determines that the offense is an infraction in which event the case shall proceed as if the defendant had been arraigned on an infraction complaint.

"(e) Nothing in this section authorizes a judge to relieve a defendant of the duty to register as a sex offender pursuant to Section 290 if the defendant is charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty."

Cal.Rptr. 455].) A crime subject to its provisions is regarded as a misdemeanor only for purposes subsequent to judgment. (*People v. Weaver* (1943) 56 Cal.App.2d 732, 737–738 [133 P.2d 818].)

■ However, once a court has reduced a wobbler to a misdemeanor pursuant to Penal Code section 17, the crime is thereafter regarded as a misdemeanor "for all purposes." This unambiguous language means what it says, and unless the Legislature states otherwise, a person such as plaintiff stands convicted of a misdemeanor, not a felony, for all purposes upon the court so declaring.

In *People v. Banks* (1959) 53 Cal.2d 370 [1 Cal.Rptr. 669, 348 P.2d 102] (*Banks*), the Supreme Court shed light on how Penal Code section 17 operates. That case arose from a defendant's conviction of unlawfully possessing a firearm by a felon under Penal Code section 12021. The defendant contended he was not a previously convicted felon. He had earlier pled guilty to a Vehicle Code wobbler offense, but the trial court suspended imposition of sentence and ordered him to probation plus 12 months in the county jail. Defendant completed probation without violation, and argued these facts demonstrated he had been convicted only of a misdemeanor.[3] (*Banks,* at pp. 375–377.)

The court disagreed, finding he remained convicted of a felony because he failed to take the available procedural steps to reduce his conviction to a misdemeanor. However, in reaching its conclusion, the court explained in dicta the operation and effect of a felony conviction to a wobbler offense that may subsequently be reduced to a misdemeanor. Because of the discussion's application here, we quote it at length:

"An integral and important part of the penological plan of California is the discretionary retention in the trial court of jurisdiction over the defendant and the cause of action against him in a large area of crimes by virtue of the probation procedures. It is apparent from mere perusal of the pertinent legislation that a verdict or plea of guilty in a superior court criminal case is not ipso facto a final conviction. If judgment is pronounced it may be reversed on appeal and set completely at naught; thereby, if there is not a new trial and a new conviction the defendant will be a person who has not—for

---

[3] At that time, Penal Code section 17 did not authorize a court to declare a wobbler a misdemeanor upon the court's granting probation without imposing sentence. (Stats. 1959, ch. 532, § 1, p. 2498.) The Legislature provided this authority by adding what is now subdivision (b)(3) to Penal Code section 17 in 1963. (Stats. 1963, ch. 919, § 1, p. 2169–2170.)

any purpose whatsoever—been convicted of a felony. The conviction may also be set at nought, *except for expressly defined purposes*, when jurisdiction and control over the defendant and the cause of action have been retained in the court under the probation law (with or without pronouncement of sentence) and the probation procedures have been fully executed. If jurisdiction over the subject and res of the action ceases to exist in the court (trial or appellate) the judgment becomes final and the trial procedures have ended. . . .

"When the verdict or plea of guilty comes in, the trial court, if it chooses to retain jurisdiction under the probation statutes, may either (1) pronounce judgment and suspend its execution; i.e., refrain from issuing a commitment of the defendant to the adult or other prison authority pending administration of the probation plan, or (2) it may suspend (refrain from) the pronouncement of judgment, subject to administration of the probation laws. Of course in the latter case, it does not suspend execution of the judgment and withhold commitment to the adult or other prison authority because without having pronounced judgment it has no power to commit the defendant to the prison authority. . . .

". . . Upon pronouncement of 'sentence of imprisonment in a state prison for any term less than life' (Pen. Code, § 2600) the defendant acquires the legal status of a person who has been both convicted of a felony and sentenced to such imprisonment. . . . [¶] . . . [¶]

"By contrast, the defendant whose guilt has been established (by plea, finding or verdict) but who has not been sentenced to prison, i.e., where probation has been granted and the proceedings have been suspended without entry of judgment, is subject to no disabilities whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation. . . . He does, however, for some specific purposes—for administration of the probation law and other laws expressly made applicable to persons so situated—stand convicted of a felony. For example, under the statute probation may be revoked at any time (Pen. Code, § 1203.3) and the probationer may be arrested without warrant. (Pen. Code, § 1203.2; see also Pen. Code, § 1203.2a.) Such conviction, in itself and without pronouncement of judgment, establishes a status which is attended by certain disabilities. Here, upon his plea of guilty in the [prior case], the defendant acquired the status—not then final, and conditionally subject to expungement but nevertheless existing—of a person convicted of a felony. He was a member of that class at the

time he was admitted to probation. It is true that the essential attribute of that class was only provisional; it could, in due course, have been changed to that of a misdemeanant by pronouncement of a sentence to the county jail or for a fine. And even the record of misdemeanor conviction could have been changed to not guilty and the accusation dismissed by compliance with section 1203.4. But none of these things was done. . . .

". . . And here it is to be presumed that the . . . judge who suspended imposition of sentence for [the Vehicle Code violation] did so with recognition that defendant would remain classified as one convicted of a felony within the meaning of section 12021 of the Penal Code *until and unless the . . . offense was reduced to a misdemeanor by imposition of appropriate sentence* or until defendant successfully completed probation and received the statutory rehabilitation provided for by section 1203.4 of the Penal Code." (*Banks, supra*, 53 Cal.2d at pp. 383, 384, 385, 386–387, 388, original italics omitted, italics added.)

The Commission argues we must focus on the nature of the crime charged and not the actual punishment imposed in determining whether plaintiff stands convicted of a felony for purposes of Education Code section 44346.1. The express language in the pertinent statute, as illustrated by *Banks*, contradicts the Commission. The relevant language in Penal Code section 12021 and Education Code section 44346.1 is similar. Both statutes apply to a person who has been convicted of a felony.[4] However, as the *Banks* court observed, a person whose felony conviction is reduced to a misdemeanor will no longer be classified as one convicted of a felony within the meaning of Penal Code section 12021. (*Banks, supra*, 53 Cal.2d at p. 388.)

Whether a crime is a felony in California is not determined by its nature. It is the potential punishment for an offense which determines whether the offense is a felony or a misdemeanor, except as the offense is subject to the circumstances in Penal Code section 17, subdivision (b), that render it a misdemeanor for all purposes. (Pen. Code, § 17, subd. (a); *People v. Nguyen* (1997) 54 Cal.App.4th 705, 711 [63 Cal.Rptr.2d 173].) As *Banks* observes, a person convicted of a wobbler but admitted into probation is a felon only provisionally, and he can become a person convicted of a misdemeanor upon the determination of a trial court under the requirements of Penal Code section 17. That is what occurred here.

---

[4] Penal Code section 12021 reads in relevant part: "Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, . . . who owns . . . or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." (Pen. Code, § 12021, subd. (a)(1).)

The Commission admits plaintiff had only a misdemeanor on his record at the time he applied for his credentials, but argues subdivision (b) of Education Code section 44346.1 authorizes it to look to the nature of the crime and continue treating the conviction as a felony when considering an application for a teaching credential. Subdivision (b) of section 44346.1 makes the statute applicable to "any violent or serious offense which, *if committed in this state*, would have been *punishable* as a violent or serious felony." (Italics added.) The Commission asserts this clause extends the statute to any wobbler conviction because all wobblers are punishable as felonies. We disagree. This clause merely extends the statute's coverage to crimes committed outside California by persons who apply for a credential. By its own language, the clause applies only to crimes that were not committed in California. Crimes committed in California are addressed in Education Code section 44346.1, subdivision (a). The Commission's interpretation would render subdivision (a) surplusage.

■ The Commission claims excluding a person whose felony conviction is reduced to a misdemeanor from the mandatory denial provisions of Education Code section 44346.1 is contrary to the statute's legislative history. We need not review legislative history when enforcing unambiguous statutory language. (*Mutual Life Ins. Co. v. City of Los Angeles* (1990) 50 Cal.3d 402, 412 [267 Cal.Rptr. 589, 787 P.2d 996].)

■ Moreover, as observed in *Banks*, when the Legislature wants to continue treating a felony reduced to a misdemeanor under Penal Code section 17 as a felony, it expressly says so, and the court will treat the person as such only upon those occasions. For example, a state statute requires the immediate suspension of an attorney from practicing law if the attorney is convicted of a felony. (Bus. & Prof. Code, § 6102.) The Legislature expressly stated a felony reduced to a misdemeanor under Penal Code section 17, subdivision (b)(3), is still treated as a felony for purposes of this disciplinary rule. (Bus. & Prof. Code, § 6102, subd. (b).)

Similarly, for purposes of the "Three Strikes" law, the Legislature has declared a prior felony conviction proven by the prosecution as a prior strike retains its status as a felony even if it had been reduced after initial sentencing to a misdemeanor under Penal Code section 17. (Pen. Code, §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)

" ' "It is a settled rule of statutory construction that where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to

show that a different legislative intent existed with reference to the different statute. [Citation.]" ' " (*In re Marriage of Corman* (1997) 59 Cal.App.4th 1492, 1499 [69 Cal.Rptr.2d 880].) Here, the Legislature included no such exception to Penal Code section 17 when it adopted Education Code section 44346.1.

"By its very terms, Penal Code section 17, subdivision (b)(3) contemplates that a probationer might come before the court by way of application to seek a reduction of his felony wobbler offense to a misdemeanor. Where such a motion is granted, as it was here, the unambiguous language of Penal Code section 17 requires that the offense be treated as a misdemeanor thereafter 'for all purposes,' and we may not create exceptions to that rule without further legislative guidance. [Citations.]" (*People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1394 [101 Cal.Rptr.2d 618].)

The Commission inappropriately relies on *Rusheen v. Drews* (2002) 99 Cal.App.4th 279 [120 Cal.Rptr.2d 769] (*Rusheen*) as authority for treating plaintiff's conviction as a felony. Under Penal Code section 1016, a plea of guilty or no contest to a crime *punishable* as a felony is admissible as a party admission in a civil suit growing out of the criminal act. (Pen. Code, § 1016, subd. 3.) The *Rusheen* defendant had pled no contest to a felony. Her conviction was subsequently reduced to a misdemeanor under Penal Code section 17. (*Rusheen, supra*, 99 Cal.App.4th at p. 282.) In a civil suit against her, the defendant argued reduction of her prior felony conviction "for all purposes" under Penal Code section 17 retroactively rendered her plea as a plea to a misdemeanor, a plea which is not admissible in a subsequent civil action. (*Rusheen*, at p. 284.)

The appellate court reasoned Penal Code section 17, subdivision (b) did not change the fact the defendant pled no contest to a crime punishable as a felony, and under the more specific terms of Penal Code section 1016, that plea was admissible in civil actions. (*Rusheen, supra*, 99 Cal.App.4th at pp. 285–287.) The ruling is also consistent with cases cited above holding relief under Penal Code section 17, subdivision (b) does not apply retroactively.

■ Here, plaintiff does not claim Penal Code section 17, subdivision (b) operates retroactively to change his conviction to a misdemeanor for all purposes before the trial court granted him relief. Also, as discussed above, Education Code section 44346.1 does not contain a specific exception to Penal Code section 17's reduction of plaintiff's crime to a misdemeanor "for all purposes."

Furthermore, Education Code section 44346.1 prevents only those persons convicted of a felony from receiving a credential. The statute at issue in *Rusheen*, Penal Code section 1016, authorized the admission of pleas to crimes *punishable* as a felony. Had the Legislature intended to prevent people such as plaintiff from ever obtaining a credential, it could have written Education Code section 44346.1 to apply to all persons convicted of a crime *punishable* as a felony. Its decision not to so draft the statute indicates the Legislature did not have that intent.

 The Commission also incorrectly supports its position by asserting plaintiff should be subject to the mandatory denial provision because he can obtain a certificate of rehabilitation and pardon. Because plaintiff now stands convicted of a misdemeanor for all purposes, he is ineligible for a certificate of rehabilitation. Such relief is available only to persons convicted of felonies or certain misdemeanor sex offenses. (Pen. Code, § 4852.01, subds. (c), (d).)[5]

Moreover, because plaintiff is ineligible for a certification of rehabilitation and pardon under Penal Code section 4852.01, the Commission's interpretation of Education Code section 44346.1 would work the anomalous result of barring plaintiff, now convicted of a misdemeanor, and who never served time in state prison, from ever obtaining a credential but allowing a person convicted of a straight felony who served time in state prison to obtain a credential. We do not construe statutes to impose such ludicrous effects. (See, e.g., *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712–713 [139 Cal.Rptr. 620, 566 P.2d 254] [statute requiring person convicted of crimes to obtain a certificate of rehabilitation in order to obtain teaching credential violated misdemeanant's equal protection rights because they, unlike felons, were not eligible to obtain a certificate of rehabilitation].)

We also reject the trial court's reliance on *Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872 [1 Cal.Rptr.2d 138] (*Adams*) as the basis for its decision against plaintiff. *Adams* concerned a felon whose convictions for two straight felonies, burglary and larceny, were expunged under Kansas law. He nonetheless was denied admission to the Sacramento County Sheriff's recruit academy under Government Code section 1029, which bars any person convicted of a felony from employment as a peace officer. (*Adams*, at pp. 875–876.)

---

[5] Although the Governor's constitutional clemency authority (Cal. Const., art 5, § 8, subd. (a)) is not confined to statutory applicants for pardons, Education Code section 44346.1 limits relief from its prohibition to those felons who have obtained a certificate of rehabilitation and pardon pursuant to the statutory procedure of Penal Code section 4852.01 et seq. (See Ed. Code, § 44346.1, subd. (d).)

The felon argued the expungement resulted in his not having been convicted at all and thus rendered him eligible to become a peace officer. This court disagreed, noting California's judiciary had consistently held this state's expungement statute, Penal Code section 1203.4, had no effect on a licensing agency's statutory power to deny a license on the basis of a prior felony conviction or conviction of an offense involving "moral turpitude." (*Adams, supra*, 235 Cal.App.3d at pp. 880–881.)

*Adams*, however, did not involve a wobbler conviction reduced to a misdemeanor under Penal Code section 17. Penal Code section 1203.4 "merely frees the convicted felon from certain 'penalties and disabilities' of a criminal or like nature." (*Adams, supra*, 235 Cal.App.3d at pp. 877–878.) Relief under Penal Code section 1203.4 affects only the punishment. By contrast, Penal Code section 17 reduces a wobbler felony to a misdemeanor "for all purposes." Relief under Penal Code section 17 changes the fundamental character of the offense. *Adams* is not controlling authority on this issue.

For all the stated reasons, we conclude the trial court erred when it denied plaintiff's petition for writ of mandate. Accordingly, we need not reach plaintiff's other arguments, and will allow the trial court on remand to address plaintiff's request for statutory attorneys fees.

## DISPOSITION

The judgment is reversed and the case remanded for further proceedings consistent with this opinion. We award costs on appeal to plaintiff. (Cal. Rules of Court, rule 27(a).)

Raye, J., and Robie, J. concurred.