Patricia Heisser **METOYER,** Plaintiff–counter–defendant–Appellant,

v.

Leonard **CHASSMAN,** an individual;
John **McGuire,** an individual,
Defendants–Appellees,

**Screen Actors Guild, Inc., a corporation, Defendant–counter–claimant–Appellee.**

No. 04–56179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2006.

Filed Sept. 26, 2007.

For additional opinion, see 504 F.3d 919.

Rick Hicks, Esq., Hicks & Hicks, Beverly Hills, CA, for Plaintiff–Counter–Defendant–Appellant.

Catherine B. Hagen, Esq., O'Melveny & Myers, LLP, Newport Beach, CA, for Defendants–Appellees/Defendant–Counter–Claimant–Appellee.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

### MEMORANDUM *

In a separately published opinion in this case, we address Metoyer's federal claims for discrimination in violation of 42 U.S.C. § 1981 (" § 1981"). We AFFIRM in part and REVERSE in part the district court's grant of summary judgment in the Guild's favor. Here, we address the Guild's claim that Metoyer's employment contract was void and the dismissal of Metoyer's state-law claims for intentional infliction of emotional distress ("IIED"). We also address Metoyer's appeal from the district court's denial of her motion for reconsideration and motion to re-tax costs.

### I. Metoyer's Employment Contract Is Not Void Under 29 U.S.C. § 504.

■ The Guild contends that Metoyer § 1981 claims fail because the underlying employment contract was void under 29 U.S.C. § 504. *See Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1137 (9th Cir.2000) (holding denial of entry into a void contract not cognizable under § 1981).

Under section 504 of the Labor–Management Reporting and Disclosure Act of 1959 (" § 504"), persons convicted of crimes such as "robbery, bribery, extortion, embezzlement, grand larceny, burglary, [or] arson," cannot lawfully hold certain positions in a labor union. 29 U.S.C. § 504. This disqualification lasts for 13 years, unless "citizenship rights, having been revoked as a result of such conviction, have been *fully restored . . . .*" *Id.*

Here, the citizenship rights of Metoyer that were revoked as a result of her felony conviction for violating California Welfare and Institution Code § 14107, were fully restored when that conviction was reclassified as a misdemeanor pursuant to California Penal Code § 17.[1] *See Gebremicael v. California Comm'n on Teacher Credentialing,* 118 Cal.App.4th 1477, 1485, 13 Cal. Rptr.3d 777 (2004); *People v. Banks,* 53 Cal.2d 370, 388, 1 Cal.Rptr. 669, 348 P.2d 102 (1959).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Section 17(b) states:

When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: (1) After a judgment imposing a punishment other than imprisonment in a state prison.

Cal.Penal Code § 17(b).

Accordingly, we reject the Guild's argument that the employment contract underlying Metoyer's § 1981 claims was void.

## II. Metoyer's Intentional Infliction of Emotional Distress Claim (IIED).

Next, we review the district court's dismissal of Metoyer's state-law claim for IIED. We need not reach the question of preemption because we conclude that Metoyer's IIED claim fails on the merits.

■ Metoyer's IIED claim asserts extreme and outrageous conduct in the discriminatory and retaliatory nature of her termination. Significantly, Metoyer does not allege a hostile work environment claim or pattern of extreme or outrageous conduct. CA BAJI § 12.73. Rather, Metoyer's IIED claim is based on her termination, a discrete act. Under California law, "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, *even if improper motivation is alleged.*" *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80, 53 Cal.Rptr.2d 741 (1996) (emphasis added). Here, Metoyer's allegations that she was improperly terminated simply do not make out a claim of intentional infliction of emotional distress. Accordingly, we affirm the dismissal of Metoyer's IIED claim.

## III. Post–Trial Rulings

### a. Motion to Reconsider

Metoyer appeals the district court's denial of her second motion to reconsider summary judgment on her wrongful termination and retaliation claims. She claims the district court abused its discretion in refusing to reconsider its ruling based on newly discovered evidence.

■ "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (citation omitted). "Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 n. 6 (9th Cir.1994) (citation omitted); *see also* Central District of California, Civil Local Rule 7–18.

■ Five days after the district court entered judgment, Metoyer received, from an anonymous source, an audiotape of a meeting held on January 22, 2001. She states that she did not know there was a tape recording of this meeting until she received the recording from the anonymous source. However, we agree with the district court that Metoyer has failed to make a sufficient showing that the information contained in the tape could have not been discovered with reasonable diligence. Metoyer was at the meeting, as were some of her co-workers who submitted declarations in her support. There is no reason Metoyer herself, or at least one of her co-worker witnesses, would not have personal knowledge of anything material said at the meeting. Their recollection of what was said would be admissible evidence, if perhaps not as accurate and dramatic as the tape recording. Therefore, the district court did not abuse its discretion in denying Metoyer's motion.

### b. Motion to Re–Tax Costs

■ Metoyer also appeals the district court's denial of her motion to re-tax Defendants' bill of $24,765 in litigation costs. This issue is moot in light of our reversal of summary judgment on Metoyer's federal and state law discrimination and retaliation claims.

## CONCLUSION

For the foregoing reasons, we **AF-FIRM.**

BEA, Circuit Judge, concurring in part and dissenting in part:

I join the majority's memorandum disposition except as to Part III.b, which addresses the district court's denial of Metoyer's motion to re-tax Defendant's bill of $24,675 in litigation costs. The majority holds this issue is moot on appeal because the majority reverses the district court's grant of summary judgment on Metoyer's federal and state law discrimination and retaliation claims. Because I would affirm the district court's summary judgment, I would reach the merits of Metoyer's appeal from the district court's denial of her motion to re-tax costs.