Filed 6/27/13  P. v. Lucas CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G045634 |
| v. | (Super. Ct. No. 11NF0263) |
| ARTHUR LEE LUCAS II, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed and remanded for resentencing.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Arthur Lee Lucas II twice ran his car into the car driven by his ex-girlfriend after they had engaged in a screaming match in the middle of a public street. Defendant was convicted of aggravated assault and sentenced to a total of 14 years in prison. We affirm the judgment but remand for resentencing.

Defendant argues the trial court erred by imposing a five-year sentencing enhancement under Penal Code section 667, subdivision (a), because his previous serious felony conviction was reduced to a misdemeanor and dismissed. (All further statutory references are to the Penal Code.) Defendant contends that the prior offense was therefore not a felony conviction for which a sentencing enhancement could be imposed. Under the California Supreme Court's recent decision in *People v. Park* (2013) 56 Cal.4th 782, we conclude defendant's previous serious felony conviction could not be used under section 667, subdivision (a) to enhance defendant's sentence.

For the reasons we explain *post*, we reject defendant's arguments relating to the trial court's pretrial review of the personnel records of the arresting officer and claimed instructional error. Finally, the trial court did not err by failing to dismiss one of defendant's prior serious felony convictions for purposes of sentencing under the "Three Strikes" Law (§§ 667, subds. (b)-(e), 1170.12).

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant and Stacy McGowan dated on and off, starting in 1999. On several occasions between 2001 and their separation in early 2010, defendant assaulted McGowan, threatened her, yelled obscenities at her, or stalked her.

On January 19, 2011, McGowan was walking down a street when defendant pulled up in his car and demanded, in an angry tone of voice, to talk to her.

2

McGowan told defendant she could not talk at that time. Later that afternoon, McGowan saw defendant in her rearview mirror as she pulled out of the driveway of her place of work. Defendant pulled his car behind and then alongside of McGowan's car, and signaled for McGowan to pull over. McGowan sped away, but defendant continued to follow her.

When McGowan stopped at a red light, defendant pulled up alongside of her car, and yelled angrily. When McGowan told defendant to leave her alone, he responded, "I'm going to kill you, bitch. I'm going to kill you." McGowan got out of her car, approached defendant's car, and demanded, "what the fuck you want with me? Why you keep bothering me? Leave me alone." Defendant continued to say, "I'm going to get you, bitch." He grabbed her by the hair and pulled her by the arm into his car; McGowan thought defendant was going to bite her. She swung her arms and grabbed defendant or hit him in the face. McGowan was able to free herself.

McGowan got back into her car and drove away. Defendant tried to use his car to block her, but she maneuvered her car around his. As she drove away, McGowan felt her car get hit from behind. Her car stalled in the middle of the street. Defendant's car then hit the side of McGowan's car. McGowan exited her car and saw defendant walking quickly toward her; he was "angry."

At that moment, the police arrived. Buena Park Police Officer Ron Catanzariti was one of the responding officers. Officer Catanzariti noted that defendant had a "moderate odor of alcoholic beverage on his breath and person," but, "after a quick evaluation, I realized that it wasn't to the point where it could impair [defendant's] driving ability." Defendant told Officer Catanzariti that McGowan had attacked him and had rammed her car into his car, causing him to lose control of the car; he insisted "that in no way, shape, or form did he do anything to harm her."

3

Two witnesses, who had been in a car behind defendant's car at the intersection, testified that when defendant's car pulled up next to McGowan's car, defendant was yelling, waving his arms, and making hand gestures toward McGowan. McGowan approached defendant's car and asked, "you want to do this right now?" McGowan started throwing punches at defendant through the open driver's side window. Defendant initially tried to defend himself, but he began throwing punches at McGowan. McGowan started yelling, "call the police" or "call 911," and ran back to her car. As McGowan began driving away, defendant's car struck the rear of her car. As McGowan continued to drive away, defendant again used his car to hit McGowan's car.

Defendant was charged in an information with aggravated assault (§ 245, subd. (a)(1)) and making criminal threats (§ 422).[1] The information also alleged defendant had suffered two prior serious and violent felony convictions (§§ 667, subds. (d) & (e)(2)(A), 1170.12, subds. (b) & (c)(2)(A)), had been convicted of two prior serious felonies (§ 667, subd. (a)(1)), and had served two prior prison terms (§ 667.5, subd. (b)). A jury found defendant guilty of aggravated assault, and not guilty of making criminal threats.

In a bifurcated proceeding, the trial court found the two prior serious felony conviction allegations to be true beyond a reasonable doubt. The court struck one of the prior serious and violent felony convictions, but found the other to be true. The court denied defendant's motion to dismiss the remaining prior serious and violent felony conviction, pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court also found one of the prison priors to be true, but the other to be not true. The court selected the low term of two years for aggravated assault and doubled it due to the prior serious and violent felony conviction (§ 667, subds. (d) & (e)(1)). The court also

---

[1] Defendant was also charged with domestic violence battery (§ 243, subd. (e)(1)) and violation of a protective order (§ 166, subd. (c)(1)). The trial court granted the prosecution's motions to dismiss those charges.

imposed two five-year enhancements for the prior serious felony convictions (§ 667, subd. (a)(1)), resulting in a total prison term of 14 years.  Finally, the court struck defendant's remaining prison prior for purposes of sentencing (§ 667.5, subd. (b)).

DISCUSSION

I.

*DEFENDANT'S MOTION PURSUANT TO* PITCHESS V. SUPERIOR COURT *(1974) 11 CAL.3D 531*

Before trial, defendant filed a motion for pretrial discovery, requesting, in part, that the court review the personnel records of Officer Catanzariti.  The court conducted an in camera hearing, and determined there were no records relevant to defendant's claim that Officer Catanzariti's police report contained false statements.

Defendant and the Attorney General agree that this court should conduct an independent review of the sealed reporter's transcript of the in camera hearing to determine whether the trial court abused its discretion in denying defendant's motion for disclosure of information contained in Officer Catanzariti's personnel records.  (See *People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

We have reviewed the sealed transcript of the in camera hearing.  At the hearing, the trial court described, on the record, the items contained in Officer Catanzariti's personnel file produced by the custodian of records, reviewed those items, and questioned the custodian of records about them and any other documents that might exist.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229 [the trial court is not required to place photocopies of documents produced by the custodian of records in a confidential file, but may state for the record what documents it examined in camera].)  The record shows the trial court confirmed Officer Catanzariti's personnel file from the Buena Park Police Department did not contain discoverable information and there were no other

documents with the requested information.  The court did not err in denying defendant's motion.

## II.

### *INSTRUCTIONAL ERROR*

Defendant argues the trial court prejudicially erred in instructing the jury as to how it could use evidence of defendant's voluntary intoxication.  The court instructed the jury with CALCRIM No. 875 regarding aggravated assault; in relevant part, the instruction read:  "Voluntary intoxication is not a defense to assault."  The court also instructed the jury with CALCRIM No. 3404, as follows:  "The defendant is not guilty of aggravated assault if he acted without the intent required for that crime, but acted instead accidentally.  You may not find the defendant guilty of aggravated assault unless you are convinced beyond a reasonable doubt that he acted with the required intent."

Finally, the court instructed the jury with CALCRIM No. 3426, a limiting instruction regarding the use of the evidence of defendant's voluntary intoxication:  "You may consider evidence, if any, of the defendant's voluntary intoxication only in a limited way.  You may consider that evidence only in deciding whether the defendant acted with the intent that a statement be taken as a threat in count [2].  [¶] A person is voluntarily intoxicated if he or she becomes intoxicated by willingly using any intoxicating drug, drink, or other substance knowing that it could produce an intoxicating effect, or willingly assuming the risk of that effect.  [¶] . . . [¶] In connection with the charge of criminal threats[,] the People have the burden of proving beyond a reasonable doubt that the defendant acted with the intent that the statement be taken as a threat. . . . [¶] . . . [¶] If the People have not met this burden, you must find the defendant not guilty of criminal threat[s].  [¶] As to the lesser included offense of attempt[ed] criminal threats there are two specific intents that need to be proved beyond a reasonable doubt:  [¶] 1. The intent to threaten to commit a crime resulting in death or great bodily injury; [¶] and [¶] 2. The

6

intent that the threat be taken as a threat. [¶] If the People have not met this burden, you must find the defendant not guilty of attempt[ed] criminal threat[s]."

Those instructions are all correct in law. (§ 29.4; *People v. Hood* (1969) 1 Cal.3d 444, 458-459 [the defendant's voluntary intoxication may not be considered in determining whether the defendant committed assault, which is a general intent crime].) Because defendant did not object to any of those jury instructions in the trial court, he has forfeited the right to challenge them on appeal. (*People v. Virgil* (2011) 51 Cal.4th 1210, 1260.)

Even if we were to consider defendant's arguments on the merits, and even if we somehow concluded there was an instructional error, we would conclude the error was harmless under the standard of either *Chapman v. California* (1967) 386 U.S. 18, 24 (harmless beyond a reasonable doubt) or *People v. Watson* (1956) 46 Cal.2d 818, 836 (reasonably probable a more favorable result would have been obtained). Defendant argues, "[t]here was abundant evidence that [defendant] had been drinking that day, and had lost control of his car and hit [McGowan]'s bumper accidentally." At the time of the incident, defendant had a "moderate" odor of alcohol on his breath, but Officer Catanzariti, who was trained and experienced in recognizing whether a driver is under the influence of alcohol, determined defendant's driving ability was not impaired. Defendant had repeatedly threatened McGowan, on the day of the incident and earlier. The two witnesses who observed both collisions testified defendant twice ran his car into McGowan's car. Defendant never told Officer Catanzariti that the collision had been an accident, caused when he lost control of his car; to the contrary, he claimed McGowan hit his car, which caused him to lose control of his car. Not only is there not "abundant" evidence that the collision was an accident, but there is no evidence supporting that theory.

7

III.

*PRIOR CONVICTION*

Defendant argues the trial court erred by imposing a five-year sentencing enhancement under section 667, subdivision (a)(1)[2] for a prior serious felony conviction for assault with a deadly weapon, a firearm; the date of that conviction was January 15, 1988 (the prior offense). On December 31, 1991, the Los Angeles County Superior Court reduced the conviction on the prior offense to a misdemeanor, pursuant to section 17,[3] and dismissed it, pursuant to section 1203.4.[4] Defendant therefore argues that the

---

[2] "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." (§ 667, subd. (a)(1).)

[3] "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, *it is a misdemeanor for all purposes* under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b), italics added.)

[4] "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . . However, *in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and*

8

trial court erred by imposing the five-year sentencing enhancement under section 667, subdivision (a)(1), because, in his view, the prior offense was not a felony.

Defendant argues that because the prior offense was reduced to a misdemeanor "for all purposes" (§ 17, subd. (b)(3)), the trial court could not impose a sentencing enhancement based on it. It is true that "[r]elief under Penal Code section 17 changes the fundamental character of the offense." (*Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1489 (*Gebremicael*).) However, the court in *Gebremicael* did not address, much less resolve, the question before us, or indeed any sentencing issue. That case addressed only whether the reduction of a felony to a misdemeanor, pursuant to section 17, affected the defendant's eligibility to apply for a teaching credential. (*Gebremicael*, *supra*, at p. 1480.)

Recently, the California Supreme Court addressed the very issue presented by this case. In *People v. Park*, *supra*, 56 Cal.4th at page 787, the defendant pleaded guilty in 2003 to felony assault with a deadly weapon. The trial court suspended imposition of sentence and placed the defendant on probation. (*Ibid.*) After the defendant successfully completed his probation, the trial court reduced the offense to a misdemeanor, pursuant to section 17, subdivision (b)(3), and then dismissed the charge, pursuant to section 1203.4, subdivision (a)(1). (*People v. Park*, *supra*, at p. 787.) In a separate incident, which occurred after the defendant's original felony conviction had been reduced and then dismissed, the defendant was convicted of attempted voluntary manslaughter and assault with a firearm; related sentencing enhancements were found to be true. (*Id.* at pp. 787-788.) Part of the defendant's sentence included a five-year enhancement under section 667, subdivision (a), based on his previous serious felony conviction. (*Id.* at p. 788.) The appellate court affirmed the defendant's sentence. (*Id.* at pp. 788-789.)

*shall have the same effect as if probation had not been granted or the accusation or information dismissed.*" (§ 1203.4, subd. (a)(1), italics added.)

The Supreme Court reversed. (*People v. Park*, *supra*, 56 Cal.4th at p. 787.) First, the court reiterated the "long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Id.* at p. 795.) The court, having reviewed the language and the legislative history of section 667, subdivision (a), next concluded that statute did not disclose an intent to limit the effect of a court's discretion to reduce or dismiss a prior serious felony. (*People v. Park*, *supra*, at p. 795.) "[N]either the language of section 667(a) nor the ballot materials presented to the voters indicate an express intention on the part of the electorate to override the operation of section 17(b). Accordingly, we conclude that a defendant whose wobbler properly was reduced to a misdemeanor pursuant to section 17(b)(3) is not a person 'who previously has been convicted of a serious felony' within the meaning of section 667(a)." (*Id.* at p. 798.)

We are bound by the holding of *People v. Park*, *supra*, 56 Cal.4th 782. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Therefore, we conclude defendant's prior offense was not a serious felony for the purpose of a sentencing enhancement under section 667, subdivision (a), because the trial court exercised its discretion to reduce the wobbler to a misdemeanor. We remand the case to the trial court for resentencing.

## IV.

### *THREE STRIKES LAW*

Finally, defendant argues the trial court erred by doubling his two-year sentence under the Three Strikes law. The information alleged two prior serious felony convictions within the meaning of the Three Strikes law. The trial court struck one of defendant's prior serious felony convictions (the prior offense, discussed in detail, *ante*),

10

but denied defendant's motion to strike the other one, pursuant to *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497.

Defendant contends that because the prior offense had been reduced to a misdemeanor, it was not really a felony conviction, and the trial court would probably have struck the other felony conviction if it had been aware of the misdemeanor status of the prior offense. However, it is not reasonably probable the trial court would have imposed a more favorable sentence on defendant if it had been aware that the prior offense had been reduced to a misdemeanor.

The Three Strikes law explicitly provides that whether a prior felony conviction counts as a strike is determined "upon the date of that prior conviction and is not affected by the sentence imposed . . . ." (§ 667, subd. (d)(1).) "[B]y virtue of section 667, subdivision (d), the postsentence, postcommitment reduction of a felony conviction to a misdemeanor under section 17, subdivision (c), is of no consequence in the application of the three strikes law. [The defendant] pled to a felony in 1986, and this conviction therefore qualifies as a strike prior even though [the defendant] subsequently received a general discharge from the Youth Authority." (*People v. Franklin* (1997) 57 Cal.App.4th 68, 73; see also *People v. Sipe* (1995) 36 Cal.App.4th 468, 478 [whether a prior conviction is for a felony is determined on the date of the conviction, "so subsequent events, such as a reduction to a misdemeanor (§ 17, subd. (b)(3)), will not affect its classification as a felony conviction"].) Therefore, whether the prior offense was reduced to a misdemeanor could not affect its treatment as a prior serious felony conviction at sentencing for the current crime.

Additionally, the appellate record reflects that the trial court was aware of its discretion to dismiss the remaining prior serious felony conviction, and declined to do so after considering all the relevant factors. The court specifically noted that defendant had had convictions for violent crimes, previous incarcerations, and probation violations. Defendant's conduct in the present case was violent and dangerous, and could have

11

resulted in serious injury.  We find no abuse of discretion in the trial court's refusal to dismiss the prior serious felony conviction.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)


DISPOSITION

The judgment of conviction is affirmed.  The matter is remanded for resentencing; the court may not impose the five-year sentencing enhancement under section 667, subdivision (a).


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.