Filed 2/25/16  P. v. Sotelo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MANUEL VINCENT SOTELO,<br><br>        Defendant and Appellant. | A144405<br><br>(Lake County<br>Super. Ct. No.  CR934027-A  ) |

Defendant Manuel Vincent Sotelo contends the trial court erred by failing to invalidate sentencing enhancements imposed for prior prison felonies under Penal Code, section 667.5, subdivision (b),[1] after it designated the prior felonies as misdemeanors under Proposition 47.  Finding no error, we shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2014, the Lake County District Attorney filed an information charging Sotelo in count I with felony possession of methamphetamine for sale (Health & Saf. Code, § 11378) and in count II with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  In regard to Counts I and II, the information alleged five prior prison felonies under section 667.5, subdivision (b).  The information further alleged Sotelo had suffered 13 prior felony convictions within the meaning of section

---

[1]  Further undesignated statutory references are to the Penal Code.  Section 667.5, subdivision (b) mandates in pertinent part that sentencing courts must, "in addition and consecutive to" the sentence imposed for a nonviolent felony, impose a consecutive one-year term for "each prior separate prison term or county jail term" served for any prior felony conviction carrying a sentencing range of 16 months to three years.

1203, subdivision (e)(4), mostly for drug offenses. Additionally, the information charged Sotelo in Count III with misdemeanor driving without a license (Veh. Code, § 14601.1, subd. (a).)

Sotelo appeared with counsel at a change of plea hearing held on April 15, 2014. At the hearing, the district attorney informed the court the parties had entered a plea agreement whereby Sotelo would plead guilty to count I of the information—possession of methamphetamine for sale—and admit to three of the prior prison terms with conviction dates of 1996, 1998 and 2003. The agreed sentence was six years, comprised of the upper term of three years on count I plus consecutive one-year terms for each of the three prior prison term convictions. Thereafter, Sotelo pleaded no contest on count I and admitted he suffered a prior prison term conviction in 1996 for grand theft (§ 487, subd. (a)); a second prior prison term conviction in 1998 for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)); and, a third prior prison term conviction in 2003 for petty theft with a prior (§ 666). The court found Sotelo knowingly and intelligently waived his constitutional rights, that his plea was made freely and voluntarily, and accepted defendant's no contest plea. The district attorney then moved to dismiss all remaining counts and allegations, which the court granted and then set the matter for sentencing. In May 2014, the court sentenced Sotelo to an aggregate term of six years as agreed under the plea agreement.

Subsequently, on January 26, 2015, Sotelo filed a petition for resentencing pursuant to section 1170.18, asking the court to designate his prior prison felonies as misdemeanors and reduce his sentence by eliminating the section 667.5 enhancements imposed on account of the prison priors.[2] At a hearing on the petition held on January 30, 2015, the trial court designated several of Solano's multiple prior felonies as misdemeanors, including two of the three prior prison felonies used to enhance his

---

[2] Section 1170.18 was enacted as part of Proposition 47, the Safe Neighborhoods and Schools Act, which was passed by the voters on November 4, 2014, and "went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)

sentence in this case. Nevertheless, the trial court declined to reduce the sentence, reasoning that a section 667.5 sentence enhancement accounts for recidivist conduct and is unaffected when a prior prison felony is designated a misdemeanor by operation of section 1170.18.

## DISCUSSION

Sotelo asserts that because section 1170.18, subdivision (k), provides "[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered *as a misdemeanor for all purposes*" [*ibid.*, italics added], the trial court erred in imposing one-year prison term enhancements "for two prison priors that it also rendered 'misdemeanors for all purposes.' " This assertion rests on the assumption that section 1170.18 applies retroactively to shield Sotelo from the collateral consequences of his prior prison felony convictions.

However, section 1170.18 does not apply retroactively in such a manner. In *Rivera*, *supra*, 233 Cal.App.4th 1085, the appellate court addressed Proposition 47 retroactivity in the context of whether it lost jurisdiction after the felony challenged on appeal was designated a misdemeanor under section 1170.18 during the pendency of the appeal. (*Id.* at p. 1089.) The *Rivera* court concluded that because the "misdemeanor for all purposes" language of section 1170.18, subdivision (k) is mirrored in section 17, subdivision (b),[3] section 1170.18 operates prospectively like section 17, and not for retroactive purposes. (*Rivera*, at p. 1100; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 ["[C]ommission of a wobbler is a felony at the time it is committed and remains a felony . . . until the principal is convicted and sentenced to something less than imprisonment in state prison . . . . Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect. [Citations.]"; *Gebremicael v. California Com. on Teacher*

---

[3] Section 17, subdivision (b) states: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a *misdemeanor for all purposes* . . . ."

*Credentialing* (2004) 118 Cal.App.4th 1477, 1482–1483 ["Relief under Penal Code section 17, subdivision (b), is not retroactive in operation.  [Citation.]  A crime subject to its provisions is regarded as a misdemeanor only for purposes subsequent to judgment.  [Citation.]"].)[4]

More recently, in *People v. Valenzuela* (Feb. 3, 2016, D066907) ___ Cal.App.4th ___ [2016 WL 402336] (*Valenzuela*), the Fourth District flatly rejected the contention that Proposition 47 operates retroactively, stating:  "Nothing in this language or the ballot materials for Proposition 47 indicates that this provision was intended to have the retroactive collateral consequences that [the appellant] advances.  To the contrary, . . . the procedures set forth in section 1170.18 that must be followed to obtain the resentencing and reclassification benefits of Proposition 47 indicate the electorate's intent for a specific, limited prospective application of the relief available under the new law.  [Citations.]"  (*Valenzuela*, at p. *10 [rejecting request to strike from sentence for current offense a one-year enhancement imposed under section 667.5, subdivision (b) based on 2012 felony conviction for receiving stolen property after trial court designated the 2012 felony as a misdemeanor pursuant to section 1170.18].)[5]

---

[4] Without relying on the case, we note the Supreme Court granted review in *People v. Eandi*, in which the Third District opined that Proposition 47 did not reflect "any intent to provide retroactive *collateral* relief as a matter of law in the absence of a petition in a prosecution for a different offense premised upon a former felony violation of the affected statutes."  (*People v. Eandi* (2015) 239 Cal.App.4th 801, 805, review granted and opinion superseded, Nov. 18, 2015, S229305.)

[5] Two other appellate courts reached the same conclusion in recent decisions.  (See *People v. Carrea* (Feb. 11, 2016, D068246) ___ Cal.App.4th ___ [2016 WL 555851], at p. *3 ["Section 1170.18 does not allow for the retroactive redesignation, dismissal, or striking of [the defendant's] section 667.5, subdivision (b), sentence enhancement . . . based on his 2004 prison prior convictions . . . , even though he subsequently obtained redesignation of the convictions underlying that prison prior enhancement"]; *People v. Ruff* (Feb. 10, 2016, F068131) ___ Cal.App.4th ___ [2016 WL 537013], at p. *14 [trial court not required to strike a one-year sentence enhancement imposed pursuant to section 667.5, subdivision (b), because defendant served a prison term for his prior conviction "at a time when the offense was a felony, and had his current sentence enhanced accordingly *before* the conviction was reduced . . . ."].)

Moreover, on the issue of retroactivity, Sotelo's reliance on *People v. Park* (2013) 56 Cal. 4th 782 (*Park*) is misplaced. In *Park*, the trial court reduced defendant's conviction for assault with a deadly weapon to a misdemeanor under section 17, subdivision (b)(3) after he successfully completed the terms of his probation. (*Id.* at p. 787.) *Subsequently*, defendant was convicted of attempted voluntary manslaughter and at sentencing the trial court imposed a five-year sentence enhancement, which the appellate court upheld on grounds that "the prior assault remained a serious felony conviction for purposes of section 667[, subdivision] (a), notwithstanding its having been reduced to a misdemeanor pursuant to section 17, subdivision (b)(3)." (*Id.* at p. 788.) The Supreme Court reversed, holding that "when a wobbler has been reduced to a misdemeanor the prior conviction does not constitute a prior felony conviction within the meaning of section 667[, subdivision] (a)." (*Id.* at p. 799.) Nevertheless, the court recognized the difference between retroactive and prospective application of this rule, stating: "There is no dispute . . . defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor." (*Id.* at p. 802, italics added.) That is exactly the situation here—Sotelo committed and was convicted of the crime of possession of methamphetamine for sale *before* the court reduced his earlier prior prison felonies to misdemeanors.

Sotelo's reliance on *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) is similarly misplaced. In *Flores*, the defendant was sentenced on a sale of heroin conviction committed in November 1977. (*Id.* at p. 464.) "The trial court imposed a one-year enhancement of defendant's sentence pursuant to Penal Code section 667.5 . . . based on defendant's 1966 conviction for possession of marijuana for which defendant served a state prison term." (*Flores*, at p. 470.) However, the court noted that in 1975 the drug laws were amended "to make possession of marijuana a misdemeanor." (*Flores*, at p. 464.) The court struck the sentence enhancement, concluding that "[i]n view of the express language of the statute and the obvious legislative purpose," the Legislature did not intend "that one who had already served a felony sentence for possession of

marijuana should be subjected to the additional criminal sanction of sentence enhancement." (*Flores*, at p. 473.) But in *Flores,* the Legislature reduced the crime of marijuana possession to a misdemeanor in 1975[6]—*before* the defendant in *Flores* committed and was convicted of selling heroin in 1977. Here, by contrast, Sotelo's prior prison felonies were designated misdemeanors *after* he committed and was sentenced for his current crime of possession of methamphetamine. Thus, *Flores* is inapplicable.

In sum, we concur with the court in *Valenzuela* that the holdings in *Park*, *supra*, Cal.4th 782 and *Flores*, *supra*, 92 Cal.App.3d 461 "do not provide authority for a court to reach back and strike a prison prior enhancement where the prior offense is reduced to a misdemeanor *after* the defendant has been convicted of and sentenced for a later offense. Rather, these cases hold that a sentence enhancement under section 667.5 is not available when the prior conviction that forms [the] basis for the enhancement is reduced *before* the new offense is committed." (*Valenzuela, supra,* 2016 WL 402336 at p. *10.)

Lastly, Sotelo contends the trial court's refusal to recall the sentence as to the two prison prior terms violates his constitutional right to equal protection because there is no rational basis to inflict harsher consequences on persons who complete a prior prison term than those who petition to designate the felony as a misdemeanor before completing the sentence.[7] However, Sotelo's hypothetical fails to establish any disparate treatment because a sentence enhancement under section 667.5, subdivision (b) applies to "each prior separate prison term or county jail term imposed"; therefore, completion of sentence on the prior felony is not required for it to count as a prior prison felony for purposes of

---

[6] Health and Safety Code section 11357, amended Statutes 1975, chapter 248, section 2, page 641.

[7] On this point, Sotelo relies on *People v. Tenner* (1993) 6 Cal.4th 559, 563 [stating a sentence enhancement under section 667.5 requires proof that the defendant: "(1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction"]. But *Tenner* addressed a prior version of section 667.5 applying a one-year enhancement for "each prior separate prison term *served*" by the defendant. (Former § 667.5, subd. (b), italics added.)

section 667.5.  In any case, Sotelo's equal protection argument is merely a repackaging of his retroactivity argument and the law is clear that no equal protection violation arises from "the timing of the effective date of a statute lessening the punishment for a particular offense."  (*People v. Floyd* (2003) 31 Cal.4th 179, 188.)

### DISPOSITION

The judgment is affirmed.[8]

---

[8]  Accordingly, we need not address the Attorney General's argument that if Proposition 47 is deemed to have retroactively stricken the prior prison terms at issue the prosecutor should have the opportunity to reinstate the counts dismissed as part of the plea agreement.

_____
DONDERO, J.

We concur:

_____
MARGULIES, ACTING P.J.

_____
BANKE, J.

A144405